FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-1833
_____

CODY SHIRAH,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Mandamus—Original Jurisdiction.

November 27, 2024

PER CURIAM.

Cody Shirah appeals the trial court's "Order on Notice of Inquiry," dated June 15, 2023. We construe the appeal as a petition for writ of mandamus and grant relief. We direct the trial court to consider and rule on Shirah's motion for postconviction relief, dated January 22, 2021, which is attached to Shirah's motion to compel, filed below on May 15, 2023.

Following a 2018 jury trial, Shirah was convicted of four counts of vehicular homicide, four counts of DUI manslaughter, one count of DUI causing serious bodily injury, and one count of leaving the scene of an accident. Shirah also admitted to violating his probation. The trial court sentenced Shirah to sixty years in prison. This Court *per curiam* affirmed Shirah's convictions and sentences and issued its mandate on February 24, 2020. *See Shirah v. State,* 289 So. 3d 873 (Fla. 1st DCA 2020).

On February 23, 2022, Shirah moved for mitigation, modification, or reduction of sentence under Florida Rule of Criminal Procedure 3.800(c). There was no record activity for over a year.

Then, on April 10, 2023, Shirah wrote a letter to the Bay County Clerk of the Court seeking an update on the status of a Florida Rule of Criminal Procedure 3.850 motion that he claimed he had filed on or about January 22, 2021. A few weeks later, Shirah filed a "motion to compel immediate ruling" on the January 22, 2021 motion. Attached to that motion was a copy of the 3.850 motion showing that he had handed the document over for mailing to prison officials on January 22, 2021.

On June 16, 2023, the trial court issued an order striking Shirah's 3.800(c) motion as insufficient, after construing it as a rule 3.850 motion. As for Shirah's rule 3.850 motion, the court did not rule on the motion, explaining that it had no record of any filings between February 2020 and March 1, 2022. Shirah asserts that the motion was timely filed when he delivered it to prison officials for mailing and petitions this court to compel the circuit court to rule on his motion.

We grant the petition. Even though the motion for postconviction relief was not separately docketed with the circuit court, it is considered filed on the date it was conveyed to prison officials for mailing. *See Carter v. State*, 248 So. 3d 296 (Fla. 1st DCA 2018).

PETITION GRANTED.

ROWE, WINOKUR, and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

2

Robert David Malove and Hani Demetrious of The Law Office of Robert David Malove, P.A., Fort Lauderdale, for Petitioner.

Ashley Moody, Attorney General, and Zachary F. Lawton, Assistant Attorney General, Tallahassee, for Respondent.